## EAGLE, executor, &c. vs. FOX.

The plaintiff, as executor, sued W. for a claim due to the testator. When the plaintiff was about to take judgment, the defendant gave his two notes to the plaintiff as executor, in settlement, and the plaintiff, as such executor, assigned a decree which he had obtained, in the surrogate's court, against W., to the defendant. One of the notes was paid at maturity; when the second become due it was not paid, and the defendant gave to the plaintiff a new note, in renewal. *Held* that the plaintiff could maintain an action upon such new note, in his charcter as executor, the complaint showing the consideration for the note to be a claim due to the estate, and a promise made to the executor.

APPEAL by the defendant, from a judgment entered at a special term, after a trial at the circuit. The action was brought by the plaintiff as executor of William Wright, deceased, upon a promissory note made by the defendant, on the 26th of November, 1856, by which he promised to pay to his own order $300 ninety days after date; which note was also indorsed by him, and delivered to the plaintiff. On the trial the plaintiff called as a witness Jesse W. Benedict, who testified as follows: "Before letters testamentary were issued to the plaintiff, letters of collection were issued to Charles White, and defendant was his surety; plaintiff called White to account before the surrogate of the county of New York, and a decree was obtained against White as collector, in favor of plaintiff as such executor, for assets of the estate of William Wright, deceased, which he had collected and failed to pay over to the plaintiff as such executor; execution was issued on that decree in favor of the plaintiff as such executor, and it was returned unsatisfied, and then the surrogate ordered the bond of defendant as surety to be prosecuted by the plaintiff as such executor; that the plaintiff Eagle, as executor, sued defendant on his said bond, and when ready to take judgment, the defendant gave his two notes to plaintiff as such executor, in settlement; and the plaintiff, as such executor, assigned the decree obtained in the surrogate's court to the defendant; when the first note became due it was paid; when the second

note became due it was not paid ; and the defendant gave the note in suit in renewal ; I held the notes for collection for Eagle ; I acted as attorney for Eagle, in getting the note, and I know the plaintiff received the notes in suit as executor, and that he holds them as executor, and that the notes belong to him as executor, and in no other way ; I transacted the whole business for plaintiff as executor, received all the notes from the defendant, and have retained them ever since in my possession, for the plaintiff, as executor." The plaintiff rested his case, and the defendant moved to dismiss the complaint, which was denied ; whereupon the defendant excepted. The defendant then requested the justice to charge the jury : 1. That the plaintiff as executor not being the owner of the note in suit, the defendant was entitled to a verdict. The justice refused so to charge, to which refusal to charge the defendant excepted. 2. That if the jury should find the note in suit was given for a consideration arising since the death of the testator, the note was the property of the plaintiff personally, and not of the plaintiff as executor of William Wright, deceased, and the defendant was entitled to a verdict. The justice refused so to charge, and the defendant excepted. The court then directed the jury to find a verdict for the plaintiff for $310.50, and they found accordingly.

*A. Mathews,* for the appellant.

*Benedict & Boardman,* for the plaintiff.

*By the Court,* INGRAHAM, J. The plaintiff as executor sued one White for a claim due to the testator. When that action was proceeding to judgment the defendant gave this note in suit and another, to the plaintiff as executor, and took from the plaintiff an assignment of a decree made by the surrogate, in favor of the plaintiff as executor against White. The note not having been paid, the plaintiff as executor brings this

action to recover the same.  The defense is that the action should have been in the name of the plaintiff, individually.

There is no doubt but that the note was given in payment of a claim due to the testator's estate by the defendant; and the simple question is, whether an executor who sells goods or choses in action, belonging to the estate which he represents, may collect payment therefor in his capacity of executor.  Of this I think there can be no doubt.  The property belongs to the estate; for the proceeds of the note the executor will be required to account, and personally he has no interest in the proceeds.  He might have maintained the action in his own name, it is true, but he was not necessarily compelled to do so.  On the contrary, under the present system, which requires a plain statement of facts in the complaint, I think the law is better obeyed by bringing the action according to the truth, than in doing so under a legal fiction.

In *Merritt* v. *Seaman,* (2 *Seld.* 168,) the promises were assumed to have been made to the plaintiff individually, and it was there held that in such a case the defendant could not set off a claim against the estate.  Judge Gridley, in that case, says: "The plaintiff might have sued in his representative character, or individually, as he chose."  And Justice Gardiner, in the same case, says: "The note was made after the death of the plaintiff's testator, and would sustain an action either in the name of the plaintiff as an individual or as executor."

In the complaint the facts are so set out as to show the consideration for the note to be a claim due to the estate, and the promise to have been made to the executor.  The case of *Blanchard, adm'r,* v. *Strait,* (8 *How. Rep.* 83,) only shows that where a plaintiff in his summons describes himself as suing in a representative capacity, he cannot complain for a cause of action due to him individually.  And in *McMahon* v. *Allen,* (12 *How. Rep.* 46,) the reverse of the proposition was held, that a plaintiff who commenced his action as an

individual could not afterwards change it into one for a claim held by him in a representative character. Both of these cases are rather in the plaintiff's favor than the defendant's

The judgment should be affirmed.